IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Maira,                 :
           Petitioner        :
                       :
    v.                  :  No. 1618 C.D. 2022
                       :
Unemployment Compensation   :
Board of Review,           :
           Respondent     :  Submitted:  June 4, 2024

BEFORE:   HONORABLE ANNE E. COVEY, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge (P.)
             HONORABLE ELLEN CEISLER, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                    FILED:  July 9, 2024

Michael Maira (Claimant) petitions for review, *pro se*,[1] of the December 5, 2022 Order of the Unemployment Compensation Board of Review (Board) affirming the decision of the Referee assessing a non-fraud overpayment of $6,046 in Pandemic Unemployment Assistance (PUA) benefits under Section 2102(h) of the Coronavirus Aid, Relief, and Economic Security Act of 2020 (CARES Act), 15 U.S.C. § 9021(h).  We affirm the Board's Order.

## Background

Claimant is the owner and operator of Maira's Restaurant in Dunmore, Pennsylvania, which was forced to close for several months in 2020 due to the COVID-19 pandemic.  Notes of Testimony, 1/29/22, at 5; Bd.'s Finding of Fact

---

[1] In his appellate brief, Claimant states that he is unrepresented by counsel on appeal and that his nephew, Joseph Giumento, prepared the brief on his behalf.  *See* Claimant's Br. at 1.

(F.F.) No. 1.[2]  Claimant filed two applications for PUA benefits under the CARES Act and was originally found eligible for PUA benefits at a weekly benefit rate of $276.  Ref.'s F.F. Nos. 1 and 3; Bd.'s F.F. Nos. 2, 4, and 6.  The application for PUA benefits at issue here was effective March 14, 2021, and involved claim weeks ending March 20, 2021, through July 10, 2021.  R. Item Nos. 1 and 2.[3]  The Department of Labor and Industry (Department) later reduced Claimant's weekly PUA benefit rate to $195 per week based on his net income.  Ref.'s F.F. No. 5.

The Department issued 10 Notices of Determination to Claimant on a variety of issues.  Relevant to the present appeal, on August 26, 2021, the Department issued a "Notice of Determination Non-Fraud PUA Overpayment," identified as Department determination number **8462708**, finding that (1) Claimant had been overpaid PUA benefits for claim weeks ending March 20, 2021, through July 10, 2021, and (2) the overpayment was non-fraud "because a monetary redetermination was made which resulted in a revised weekly benefit amount."  R. Item No. 2.

Claimant filed 10 separate appeals with the Referee from the Notices of Determination.  R. Item No. 3.  The Referee held a consolidated evidentiary hearing on the appeals on January 29, 2022, after which he issued 10 separate decisions affirming the Notices of Determination.  In the appeal at Referee docket number **2021030641-AT** – stemming from Department determination number **8462708** establishing Claimant's PUA non-fraud overpayment for claim weeks ending March 20, 2021 through July 10, 2021 – the Referee concluded:

---

[2] In its decision in this matter, the Board did not make findings of fact, but instead incorporated by reference the findings of fact in its decision in related Board docket number 2022001406-BR.  Record (R.) Item No. 11.  Thus, the factual findings cited above derive from the Board's decision in docket number 2022001406-BR.  *See* Suppl. R. Item No. 1.

[3] Claimant previously filed an application for PUA benefits effective March 15, 2020. Ref.'s F.F. No. 1; Bd.'s F.F. No. 2.

[C]laimant testified that at the time he applied for PUA benefits[,] he used his gross earnings for 2019 and 2020. Furthermore, [C]laimant's weekly PUA benefits amount is calculated on a self-employed claimant's net income. As such, [C]laimant's revised weekly benefit amount is $195 per week under [S]ection 2102 of the [CARES Act] for both PUA applications. As [C]laimant received a higher PUA weekly benefit amount, [he was] overpaid the receipt of those benefits under Section 2102(h) of the [CARES Act]. . . .

R. Item No. 8.

Claimant then filed 10 appeals with the Board, which assigned a separate docket number for each appeal. The docket number at issue here is Board docket number **2022001403-BR**, which stemmed from the appeal at Referee docket number **2021030641-AT** relating to Claimant's PUA overpayment for claim weeks ending March 20, 2021, through July 10, 2021.

On December 5, 2022, the Board issued what it deemed a "consolidated" decision at docket number **2022001406-BR**, finding that Claimant was (1) eligible for PUA benefits at a reduced weekly benefit rate of $195; (2) overpaid a total of $6,046 in PUA benefits for all claim weeks; (3) ineligible for federal pandemic unemployment compensation (FPUC) benefits; and (4) overpaid $3,900 in FPUC benefits for all claim weeks. Suppl. R. Item No. 1; R. Item No. 11. Specifically, the Board concluded: "Because [C]laimant's weekly benefit rate is lower than the amount initially calculated by the Department, [C]laimant has an overpayment on this basis. [C]laimant also disclosed earnings during the claim weeks ending March 21, 2020, through July 10, 2021, thus his weekly benefit amount must be reduced further." Suppl. R. Item No. 1.

On the same date, the Board also issued orders in each of the remaining 9 docket numbers. For docket number **2022001403-BR**, at issue here, the Board

explained that it "issued a consolidated decision on docket []2022001406[-]BR, which is controlling and determinative to the issues on this docket" and expressly incorporated "the findings of fact and reasoning of [its] decision on []2022001406-BR." R. Item No. 11. The Board then entered the following Order:

> [C]laimant is eligible for PUA at a weekly benefit rate of $195 per week. [C]laimant's revised weekly benefit rate for claim weeks ending March 21, 202[0],[4] through July 10, 2021, is presented in Table B. [C]*laimant has a non-fraud PUA overpayment of $6,046.00*, as presented in Table C, which is subject to repayment under 20 [C.F.R. §] 625.14 unless waived under Section 2102(d) of the CARES Act. . . .
>
> The decision of the Referee is affirmed as modified. PUA [b]enefits are granted at a weekly benefit amount of $195 per week. [C]laimant's revised weekly benefit rate for claim weeks ending March 21, 202[0], through July 10, 2021, is presented in Table B. [C]*laimant has a non-fraud PUA overpayment of $6,046.00. . . .*

*Id.* Claimant now petitions this Court for review.[5]

### **Analysis**

In his brief, Claimant states he is now "appealing 2022001406-BR[,] which is the controlling case for all of the associated [Board docket] numbers listed here[in]." Claimant's Br. at 6. Claimant asserts:

> I have accepted the ruling by the [R]eferee that I entered the incorrect figure when I was opening my original PUA claim as defined in the CARES Act. That said *I am looking for an adjustment in the non-fraud overpayment amount based on the recalculated weekly income reported*

---

[4] The Board wrote "March 21, **2021**, through July 10, 2021," but it appears that the Board intended to write "March 21, **2020**, through July 10, 2021," which encompassed all claim weeks at issue in the 10 appeals, including the claim weeks at issue in both PUA applications.

[5] Our review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the necessary factual findings are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

4

*during the open claims that resulted in my collecting partial weekly benefits.*

*Id.* at 8 (emphasis added). Thus, Claimant asks this Court to correct the non-fraud PUA overpayment amount "based on [his] committing the same error when calculating [his] weekly income after the state allowed [him] to reopen [his] business." *Id.* at 7.

In response, the Board asserts that Claimant is attempting to challenge the decision in docket number 2022001406-BR, which affirmed the Department's reduction of his PUA weekly benefit amount from $276 to $195. The Board asserts, however, that Claimant did *not* appeal from the decision in docket number **2022001406-BR**; he *only* appealed from the decision in docket number **2022001403-BR**, which stems from Department determination number **8462708** establishing the non-fraud PUA overpayment for claims weeks March 20, 2021, through July 10, 2021. Therefore, the Board contends that the decision in 2022001406-BR is final. We agree with the Board.

Despite Claimant's assertion that he is "appealing 2022001406-BR," Claimant's Petition for Review involves *only* Board docket number **2022001403-BR**. *See* Pet. for Rev. at 1 (identifying the Board decision appealed from as "2022001403-BR"). That decision affirmed the decision at Referee docket number **2021030641-AT**, which affirmed Department determination number **8462708** establishing his non-fraud PUA overpayment for claim weeks ending March 20, 2021 through July 10, 2021. *See* R. Item Nos. 10 and 11. Because Claimant did not file a petition for review of the Board's decision in docket number 2022001406-BR, that decision is final.

Furthermore, Claimant asserts that "[t]he goal of this appeal is to get the amount of the over[]payment recalculated *based on the revised income amounts* [*he*]

*provided to the [Board] as part of the appeal of the [R]eferee[']s decision*," and he appends that evidence to his appellate brief. Claimant's Br. at 6 & App. 3 (emphasis added). However, the Board properly did not consider the additional evidence Claimant submitted to the Board with his appeal. *See* Bd.'s Br. at 10-11. Section 504 of the Unemployment Compensation Law[6] provides that the Board "may affirm, modify, or reverse the determination . . . of the [D]epartment or [the R]eferee *on the basis of the evidence previously submitted in the case, or direct the taking of additional evidence*." 43 P.S. § 824 (emphasis added); *see also* 34 Pa. Code § 101.106 ("[T]he Board may review both the facts and the law pertinent to the issues involved on the basis of the evidence previously submitted, or direct the taking of additional testimony."); *Hollingsworth v. Unemployment Comp. Bd. of Rev.*, 189 A.3d 1009, 1113 (Pa. Cmwlth. 2018) ("[T]he Board may not consider evidence that was not presented to the [R]eferee in rendering its decision."). Here, the Board did not direct the taking of additional evidence; therefore, it was limited to determining Claimant's appeal based on "the evidence previously submitted" to the Referee. 43 P.S. § 824. Consequently, this Court, like the Board, cannot consider that evidence on appeal. *See Hollingsworth*, 189 A.3d 1113.[7]

## Conclusion

Although Claimant purports to challenge only the amount of his PUA overpayment in this appeal, he is actually challenging the initial reduction of his weekly PUA benefit amount for claim weeks ending March 20, 2021, through July

---

[6] Act of Dec. 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 824.

[7] Because this appeal only involves the non-fraud PUA overpayment determination, the record before this Court does not contain the documentary evidence upon which the Department's initial redetermination of his PUA weekly benefit amount was based.

6

10, 2021.[8]  As explained above, however, Claimant did not petition for review of that decision and, therefore, the reduction of his weekly PUA benefit amount is not properly before this Court.  Accordingly, we affirm the Board's Order.

        ELLEN CEISLER, Judge

---

[8] Because the Board's decision in docket number 2022001406-BR was a consolidated decision, the Board found a total non-fraud PUA overpayment of $6,046 for all claim weeks at issue in the 10 appeals.  The Board's decision in docket number 2022001403-BR, at issue here, incorporates that total overpayment amount and does not identify a specific PUA overpayment amount for claim weeks ending March 20, 2021, through July 10, 2021.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Michael Maira,                              :
                    Petitioner             :
                                           :
        v.                                 :    No. 1618 C.D. 2022
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :

# **O R D E R**

AND NOW, this 9th day of July, 2024, the December 5, 2022 Order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

ELLEN CEISLER, Judge